JAMES A. McELROY, PLAINTIFF-RESPONDENT, v. NA-TIONAL REALTY AND INVESTMENT COMPANY, A COR-PORATION, DEFENDANT-APPELLANT.

Submitted October 20, 1936—Decided January 30, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *Harry Wellchek* (*Bassin & Bassin*).

For the defendant-appellant, *Jacob Schneider* (*Schneider & Schneider*).

The opinion of the court was delivered by

CASE, J. McElroy, the plaintiff below, entered judgment on a jury verdict for damages growing out of personal injuries received by him in the fall of a dumbwaiter caused by the breaking of a worn and frayed rope. Defendant, owner of the premises, appeals.

The primary question is whether the appellant owner had or had not been divested of the control of the premises. It is before us on the trial court's refusal to direct a verdict for the defendant and hinges upon the legal effect to be given two instruments marked *D-6* and *D-7* on the trial court's refusal to admit them on the offer of the defendant and *P-16* and *P-17* on the subsequent admission of them as plaintiff's exhibits. These instruments are of the same tenor and effect as were those recently considered by the Court of Errors and Appeals in *Rizzi* v. *Ross,* 117 *N. J. L.* 362. In the instant case the trial court based its ruling upon a finding that the agreements did not fully divest the owner of the control of the property. The cited decision fully covers the issue and upon it the action of the lower court herein is sustained.

Most of appellant's remaining points follow in the trail of the question decided above and need no separate discussion. Whether the condition of the dumbwaiter and its operating equipment bespoke negligence by the owner, and whether the acts of the plaintiff constituted contributory negligence, were questions of fact for the jury and were properly left to the jury. We find no reversible error.

The judgment below will be affirmed.